SLR:CPK:TYH
F.#2010R00153

*DOCKET & FILE*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FRANK PONTILLO,

          Defendant

- - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF
FORFEITURE

11 CR 30   (KAM)
08 CR 709 (ILG)

WHEREAS, on or about April 28, 2011, the defendant, FRANK PONTILLO, entered a plea of guilty to count fifty-six of the above-referenced indictment, charging a violation of 18 U.S.C. § 371, and to charge one of the violation of supervised release report in United States v. Pontillo, Criminal docket No. 08-0709 (ILG), charging the defendant with the commission of new criminal conduct while on supervised release; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461, the defendant consents to the forfeiture of the following property: (a) four 42-inch televisions recovered from 1144 Forest Avenue, Staten Island New York; and (b) one WII console recovered from the defendant's residence upon his arrest, which constitutes or is derived from proceeds obtained directly or indirectly  traceable to a violation of 18 U.S.C. § 371, as alleged in count fifty-six of the above-referenced indictment, and/or as substitute assets (collectively, the

"Recovered Stolen Property").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.   The defendant shall forfeit to the United States all right, title and interest in the Recovered Stolen Property, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461.

2.   Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Recovered Stolen Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3.   The United States shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Recovered Stolen Property in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Recovered Stolen Property as a substitute for published notice as to those persons so notified.

4.   Any person, other than the defendant, asserting a legal interest in the Recovered Stolen Property may, within thirty

-2-

(30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Recovered Stolen Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall fully assist the Government in effectuating the surrender of the Recovered Stolen Property by, among other things, executing any documents necessary to effectuate any transfers of title of the Recovered Stolen Property to the United States. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Recovered Stolen Property, in any administrative or judicial proceeding. If the Recovered Stolen Property, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Recovered Stolen Property pursuant

-3-

to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.  The forfeiture of the Recovered Stolen Property shall not be considered a payment of a fine or a payment on any income taxes that may be due.

6.   The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(a) and (c), this Preliminary Order shall become final as to the defendant at the time of sentencing and shall be made part of sentence and included in the judgment.

8.   This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.   This Order shall be final and binding only upon the Court's "so ordering" of the order.

-4-

10.   The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

11.   The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Records Examiner, Maritza Arroyo, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated:     Brooklyn, New York
           September 8, 2011

                                    s/KAM

                             _____
                             HONORABLE KIYO A. MATSUMOTO
                             UNITED STATES DISTRICT JUDGE
                             EASTERN DISTRICT OF NEW YORK